```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
                                                    ELECTRONICALLY FILED
------------------------------------------------ X  DOC #:_____
                                                 :  DATE FILED: 4/25/2018
DENNIS NEWBY,                                    :
                                                 :
                        Plaintiff,               :
                                                 :         17 Civ. 9742 (LGS)
             -against-                           :
                                                 :         **OPINION AND ORDER**
GVC II, INC. and MICHAEL STOCKS,                 :
                                                 :
                        Defendants.              :
------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Dennis Newby brings this employment discrimination action against Defendants GVC II, Inc. ("GVC") and Michael Stocks. Plaintiff alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; New York State Human Rights Law ("NYSHRL"), N.Y. Exec Law § 290 et seq.; and New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101 et seq. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## I. BACKGROUND

The following alleged facts are drawn from the Complaint, documents incorporated in it by reference and documents of which the Court may take judicial notice. The following facts are accepted as true only for purposes of this motion. *See Spak v. Phillips*, 857 F.3d 458, 463 n.2 (2d Cir. 2017); *Burfeindt v. Postupack*, 509 F.App'x 65, 66 (2d Cir. 2013) (summary order) (relying on documents proper for judicial notice during a motion to dismiss).

### A. Plaintiff's Discharge

In October 2012, Plaintiff worked as a mechanic at GVC. Around August 5, 2013, Angel Caminero, a supervisor to Plaintiff, remarked in substance that Plaintiff was "getting old" and

was "too slow".  On August 9, 2013, Defendant Michael Stocks, a manager at GVC, discharged Plaintiff, saying that work was slow.  A few days later when Plaintiff was at GVC to return his uniform, he saw two new employees who appeared to be in their mid to late twenties.  A former colleague told Plaintiff that were two newly hired mechanics.

## B.    City of New York Commission on Human Rights Proceedings

On September 20, 2013, Plaintiff filed a complaint with the City of New York Commission on Human Rights ("NYCHR") Law Enforcement Bureau ("LEB"), alleging age discrimination in violation of NYCHRL and the ADEA.  Plaintiff named GVC, Clay Campbell, Stocks and Caminero as respondents.

As described in the LEB decision, during the LEB proceeding Plaintiff maintained that, while GVC claimed that they fired him due to budgetary reasons, the combined salary of the two new employees was more than his previous salary.  Plaintiff also asserted that one of the new employees, Michael Ortega, who GVC claimed was a "mechanical helper," was in fact doing the work of a mechanic.  Plaintiff contended that GVC's Preventative Maintenance Worksheets could prove this.  The LEB reviewed Plaintiff's submissions, requested documents from GVC and interviewed Stock and Ortega.  The LEB did not interview Caminero or Campbell.  On November 15, 2016, the LEB "determined that probable cause does not exist to believe that Respondents have engaged in the unlawful discriminatory practice(s) alleged in the Complaint," and dismissed Plaintiff's complaint.

According to Plaintiff's LEB request for appeal, on December 13, 2016, Plaintiff appealed the LEB decision to the NYCHR, arguing among other things that Defendants were lying about their reason for discharging him.  Per the NYCHR appeal order, on April 26, 2017, the NYCHR affirmed the LEB's determination of no probable cause.

### C. New York Supreme Court Article 78 Proceeding

On May 22, 2017, Plaintiff commenced an Article 78 proceeding in New York Supreme Court, New York County, against the NYCHR, GVC, Campbell, Stock and Caminero, asking the court to annul the NYCHR decision. Plaintiff's Article 78 petition alleged that GVC had fired him and then hired two younger employees, and that Defendants had lied about the jobs the two new employees performed. Plaintiff's petition further asserted that the decision of the NYCHR was unfair, noting that the NYCHR spoke only to Stock and the two employees hired after Plaintiff was discharged.

As stated in the Article 78 decision, by order dated February 1, 2018, the Article 78 court dismissed the petition based on late service in violation of the applicable statute of limitations, and in the alternative found that NYCHR's decision was rational. In particular, the Article 78 court held that "the decision to find no probable cause to believe petitioner's employer engaged in unlawful age discrimination was rational, even though petitioner was 61 when he was terminated."

On October 23, 2017, the United States Equal Employment Opportunity Commission adopted the findings of the NYCHR and provided Plaintiff with a notice of right to sue.

### D. United States District Court Proceeding

While Plaintiff's Article 78 petition was pending but before a decision was rendered, on December 12, 2017, Plaintiff filed the instant action in this court, alleging age discrimination in violation of the ADEA, NYSHRL and NYCHRL.[1]

---

[1] Courts "read pro se pleadings with 'special solicitude' and interpret them 'to raise the strongest arguments that they suggest.'" *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2016 WL 3963113, at *2 (S.D.N.Y. July 20, 2016) (quoting *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015)). The Complaint accordingly is construed to include claims under the ADEA as well as NYSHRL and NYCHRL.

3

On February 20, 2018, Defendants moved to dismiss, arguing that (1) *res judicata* bars Plaintiff's claims due to the Article 78 decision and (2) the Complaint fails to state a claim.

## II. RELEVANT LEGAL PRINCIPLES

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 156–57 (internal quotation marks omitted).

A court "may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Burfeindt v. Postupack*, 509 Fed.Appx. 65, 67 (2d Cir. 2013) (internal quotation marks omitted); *accord Houck v. US Bank NA*, No. 15 Civ. 10042, 2016 WL 5720783, at *4 (S.D.N.Y. Sept. 30, 2016) ("Courts are permitted to take judicial notice of state court documents, even on a motion to dismiss. This is especially true when a court is tasked with deciding the preclusive effect of the prior proceedings."). For purposes of this motion, the decisions and various filings in the NYCHR and Article 78 proceedings are considered.

## III. DISCUSSION

Although Defendants do not raise collateral estoppel as a basis for dismissal, courts may "raise [collateral estoppel] *sua sponte,* even without permitting an adversely affected party an opportunity to argue the issue." *Smeraldo v. City of Jamestown,* No. 11 Civ. 4902, 2013 WL 627719, at *2 (2d Cir. Feb. 21, 2013); *accord Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (noting that a district court may *sua sponte* dismiss an action on collateral estoppel

4

grounds); *Wenegieme v. U.S. Bank Nat'l Ass'n*, No. 16 Civ. 6548, 2017 WL 1857254, at *10 (S.D.N.Y. May 4, 2017), *aff'd*, 715 F. App'x 65 (2d Cir. 2018) (same). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

"Where a federal court considers the preclusive effect of a state court judgment, the inquiry is governed by the preclusion law of the State in which judgment was rendered." *MFW Assocs., LLC v. Plausteiner*, No. 17 Civ. 2083, 2018 WL 1640476, at *3 (2d Cir. Apr. 5, 2018) (summary order) (internal quotation marks omitted); *see also Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982). Under New York law, the doctrine of collateral estoppel "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." *Weiss v. Manfredi,* 639 N.E.2d 1122, 1123 (N.Y. 1994); *accord Garrigan v. Ruby Tuesday, Inc.*, No. 14 Civ. 155, 2014 WL 2134613, at *2 (S.D.N.Y. May 22, 2014). "[Collateral estoppel] applies if the issue in the second action was [1] 'raised, necessarily decided and material in the first action,' and [2] if the party 'had a full and fair opportunity to litigate the issue in the earlier action." *Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp.*, 727 N.E.2d 543, 546 (N.Y. 2000); *accord Smart v. Gifford*, No. 15 Civ. 8939, 2018 WL 401516, at *4 (S.D.N.Y. Jan. 12, 2018).

First, the issues in this action and the Article 78 action are identical, so that the issue of Defendants' alleged discrimination was actually and necessarily decided in the prior proceeding. Here, Plaintiff alleges that Defendants engaged in age discrimination when they fired him for alleged budgetary reasons, yet hired two younger employees days later. The Article 78 court

decided the same facts and issues when it confirmed the NYCHR's finding as rational. Plaintiff unfortunately may not have known "that by filing an Article 78 petition to review [the New York State Division of Human Rights]'s determination, not for its correctness, but merely for arbitrariness, [he] would foreclose all resort to the courts." *Mejia v. N.Y.C. Health & Hosps. Corp.*, No. 13 Civ. 2434, 2014 WL 2115109, at *3 (S.D.N.Y. May 19, 2014), *aff'd,* 622 F. App'x 70 (2d Cir. 2015). A "New York state court affirmation of [an agency's] finding of no probable cause [] precludes federal litigation based on the same facts." *Yan Yam Koo v. Dep't of Bldgs. of the City of New York*, 218 F. App'x 97, 98 (2d Cir. 2007) (summary order); *accord Kremer*, 456 U.S. at 480 (holding that a state court's "affirmance of [the agency's] dismissal necessarily decided that the petitioner's claim . . . was meritless, and thus it was also decided that [another claim] arising from the same events would be equally meritless").

Second, Plaintiff had a full and fair opportunity to litigate his age discrimination claim in the Article 78 court. The Article 78 court considered the merits of Plaintiff's discrimination claim and found that the NYCHR's finding of no probable cause was rational because that agency had conducted an investigation and found that Plaintiff was terminated sooner than other workers because he had less seniority, and that other terminated employees included people younger than he. The Article 78 Court was not critical of any aspect of the NYCHR's proceeding. "The combination of the [agency] proceeding and Article 78 review provided Plaintiff a full and fair opportunity to present [his] claims." *Featherstone v. Cornell Univ.*, No. 17 Civ. 565, 2017 WL 4736738, at *3 (N.D.N.Y. Oct. 19, 2017) (citing *Mejia v. N.Y.C. Health & Hosp. Corp.*, 622 F. App'x 70, 71 (2d Cir. 2015) (summary order)); *see also Constantine v. Teachers Coll.*, 448 F. App'x 92, 94 (2d Cir. 2011) (summary order) (citing *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 200 (2d Cir. 1996)).

Where, as here, the previous judgment was arrived at on two grounds, "[p]reclusive effect may be given to an issue considered in the alternative only when it is clear that the issue was actually litigated, squarely addressed, and specifically decided." *Atl. Mut. Ins. Co. v. Lauria*, 739 N.Y.S. 394, 396 (2d Dep't 2002) (internal quotations marks and citations omitted) (citing *Malloy v. Trombley*, 405 N.E.2d 213, 216 (N.Y. 1980)); *accord Tydings v. Greenfield, Stein & Senior, LLP*, 843 N.Y.S.2d 538, 541 (1st Dep't 2007), *aff'd*, 897 N.E.2d 1044 (N.Y. 2008). The Article 78 court expressly stated that its consideration of the merits was an actual and independent basis for its dismissal of Plaintiff's petition: "However, even if the petition was timely served, the court finds that the [NYCHR] decision was rational." The Article 78 court then articulated the facts and procedural history before concluding that "based on the results of the agency's investigation, the decision to find no probable cause to believe [Plaintiff]'s employer engaged in unlawful age discrimination was rational, even though petitioner was 61 when he was terminated." Thus, the question of whether Defendants discriminated against Plaintiff based on his age was, in fact, "actually litigated, squarely addressed, and specifically decided."

For these reasons, Plaintiff's employment discrimination claims are precluded by the doctrine of collateral estoppel and are dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket Number 16 and close the case. The Clerk's Office is further directed to mail a copy of this order to pro se Plaintiff.

Dated: April 25, 2017
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE